<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FREDERICK NAHAS, M.D., | : |
| Plaintiff, | : Civil No. 13-06537 (RBK/JS) |
| v. | : **OPINION** |
| SHORE MEDICAL CENTER, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendants' Motion for Sanctions (Doc. 273) and Plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. 276). For the reasons expressed herein, the Motion for Sanctions is **DENIED** and the Motion for Leave to File Notice of Supplemental Authority is accordingly **DENIED AS MOOT**.

**I.    BACKGROUND**

This case, which has stretched over a decade in multiple courts, arises from Defendant Shore Medical Center's denial of surgical admitting privileges to Dr. Nahas, the Plaintiff. A comprehensive history of Plaintiff's case has been previously laid out in the Court's prior opinions, namely the Opinion granting Defendant's Motion for Partial Summary Judgment. (*See* Doc. 249.) As such, the Court does not restate the procedural history here. Rather, the Court sets forth only the relevant facts for disposition of the currently pending motions.

On September 24, 2019, this Court granted Defendant's Motion for Partial Summary Judgment. (Doc. 250.) The Court dismissed Plaintiff's federal claims and then declined to exercise

1

supplemental subject matter jurisdiction over Plaintiff's state law claims. (Doc. 250.) After prevailing on summary judgment, Defendants moved for sanctions against Plaintiff pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the Court's inherent authority. (Doc. 273, "Mot.") Defendants request an award of attorneys' fees and costs for the efforts performed from the time of Plaintiff's deposition through the Court's issuance of its ruling on the motions for summary judgment. (Mot. at 7.) Defendants allege that they have incurred $311,009.00 in attorneys' fees and $28,940.80 in costs since Plaintiff's depositions. (Mot. at 7.) Plaintiff opposed the motion (Doc. 274, "Opp."), and Defendants replied (Doc. 275 ("Reply"). Plaintiff then filed a Motion for Leave to File a Notice of Supplemental Authority seeking to supplement the record with additional case law. (Doc. 276.)

## II. Legal Standard

### A. 28 U.S.C. § 1927

Defendants first move for sanctions pursuant to 28 U.S.C. § 1927. Under this statute, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "It . . . [is] well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions: [the offending attorney] '(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct.'" *In re Beers,* 399 F. App'x 748, 749 (3d Cir. 2010) (citing *LaSalle Nat. Bank v. First Conn. Holding Group, LLC,* 287 F.3d 279, 288 (3d Cir. 2002)).

"[A] finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing attorney's fees under this provision." *Hackman v. Valley Fair,* 932 F.2d 239, 242 (3d

Cir. 1991) (citing *Ford v. Temple Hosp.,* 790 F.2d 342, 347 (3d Cir. 1986)). That is, "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *LaSalle,* 287 F.3d at 289. "Bad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf." *Lewis v. Smith,* 480 F. App'x 696, 699 (3d Cir. 2012). Sanctions pursuant to § 1927 are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay. *See Zuk v. E. Penn. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294 297 (3d Cir. 1996).

### B.  Federal Rule of Civil Procedure 11

Defendants next move for Rule 11 sanctions. Rule 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper" an attorney certifies that it is "not being presented for any improper purpose," "the claims are warranted," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11. Rule 11(c)(1) states that "if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Sanctions awarded under this rule "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Goldenberg v. Indel, Inc.,* No. 09–5203, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing *Watson v. City of Salem,* 934 F. Supp. 643, 662 (D.N.J. 1995); *see also Doering v. Union Cnty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)). Indeed, the Third Circuit has recognized that Rule 11 sanctions should only be imposed in those rare instances where the evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Id.*

A Rule 11 motion alleging that a party has violated subsection (b) of the rule must be filed as a separate pleading. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)"). Further, before addressing the merits of a party's Rule 11 motion, the Court must determine whether the party complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party and allows 21 days for the other party to withdraw or correct the challenged issue. *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 99 (3d Cir. 2008) (citing Fed. R. Civ. P. 11(c)(2)).

### III. DISCUSSION

Defendants move for sanctions under both 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. The Court addresses each in turn.

#### A. 28 U.S.C. § 1927 Sanctions

Defendants first move for § 1927 sanctions. Defendants contend that "Plaintiff's approach to litigation has unnecessarily multiplied the proceedings in this matter, forcing repeated conferences and unnecessary motions." (Mot. at 9–10.) In particular, Defendants argue that sanctions are warranted because Defendants incurred "significant expense" in "opposing Plaintiff's motion for partial summary judgment," "moving for summary judgment on Plaintiff's claims," and responding to "motions to seal[.]" (Mot. at 10.) Defendants highlight several instances of Plaintiff's conduct that they perceive as warranting sanctions. For example, Defendants cite to Plaintiff's prior filing of a lengthy counterstatement of material facts. Defendants also assert that the Third Circuit's affirmance of this Court's decision granting summary judgment shows the frivolousness of Plaintiff's claims.

While the Court acknowledges Defendants' frustrations, the Court does not find that this is an appropriate case to impose sanctions pursuant to § 1927. Defendants' arguments essentially rely on the proposition that because the Court dismissed Plaintiff's claims via summary judgment, Plaintiff was unreasonable and vexatious in pursuing these claims. However, as other courts in this Circuit have held, disagreement over the resolution of a legal matter in litigation is not a ground for sanctions. *TEGG Corp. v. Beckstrom Elec. Co.*, No. CIV.A. 08-435, 2008 WL 5216169, at *5 (W.D. Pa. Dec. 10, 2008). The Court's dismissal of Plaintiff's claims does not—on its own— establish that Plaintiff pursued these claims vexatiously, with bad faith or with ill-intention. Defendants have not provided any evidence that Plaintiff did act in bad faith. Without such evidence, Defendants cannot meet the high burden that § 1927 imposes. Moreover, as the Third Circuit has noted, courts are cautioned to sparingly award sanctions in all but the most egregious of cases, "lest the prospect thereof chill the ardor of proper and forceful advocacy on behalf of [the] client." *Hackman,* 932 F.2d at 242 (quotations omitted). A weak case, as long as it is arguable, does not merit sanctions. *Id.* Because Plaintiff's arguments were grounded in arguable propositions, this Court **DENIES** Defendants' sanctions request under § 1927.

### B.  Rule 11 Sanctions

Defendants next move for sanctions pursuant to Federal Rule of Civil Procedure 11. Defendants contend that Rule 11 sanctions are warranted here because Plaintiff's claims were not legally viable. (Mot. at 20.) Defendants assert that "[f]orcing Defendants to engage in dispositive motion practice and to respond to repeated, procedurally improper motions to seal was wholly improper." (Mot. at 21.) Therefore, Defendants aver that "Rule 11 sanctions in the form of attorneys' fees are appropriate." (Mot. at 21.)

The Court finds that Plaintiff has not violated Rule 11(b). Much like Defendants' arguments for § 1927 sanctions, Defendants' arguments for Rule 11 sanctions are premised on the fact that the Court granted summary judgment in favor of Defendants. However, the Third Circuit has made clear that Rule 11 "must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987). As such, sanctions under Rule 11 are not warranted merely because the Court granted judgment in favor of Defendants on some of Plaintiff's claims. Moreover, the filings between Plaintiffs and Defendants do not strike the Court as evidencing anything more than the familiar back and forth about disputed issues of material fact attendant to most adversarial proceedings. These filings do not rise to the level of "patently unmeritorious claims" that call for Rule 11 sanctions. While it is true that the Court has, on several occasions, marked the factual and legal deficiencies in Plaintiff's claims, the Court does not believe that Plaintiff's arguments rise to the level of "unmeritorious" that would justify sanctions. Accordingly, the Court **DENIES** Defendants' request for Rule 11 sanctions.[1]

### IV.   CONCLUSION

For the reasons contained herein, Defendants' Motion for Sanctions (Doc. 273) is **DENIED** and Plaintiff's Motion for Leave to File Notice of Supplemental Authority (Doc. 276) is **DENIED AS MOOT**.

Dated: 7/20/2021                                              /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge

---

[1] Defendants also request sanctions pursuant to the "inherent authority of the Court." (Mot. at 22.) However, as the Court has articulated above, the Court does not believe that this is an appropriate case for sanctions. Accordingly, this request is similarly denied.